# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA MARIE LESCUER,<br><br>    Petitioner,<br><br> v.<br><br>FRESNO CITY,<br><br>    Respondent.<br>_____/ | 1:10-cv-01919-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND AND DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK § 2254 FORM PETITION<br><br>[Doc. 1] |

  Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  Petitioner filed the instant petition for writ of habeas corpus on October 14, 2010.  On January 29, 2009, Petitioner was convicted of attempted battery on a person in the Madera County Superior Court and was sentenced to state prison for two years.  Pet. at 2.  For the reasons explained below, the petition must be dismissed with leave to amend.

DISCUSSION

A. Procedural Grounds for Summary Dismissal

  Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.      Name of Improper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

In this case, petitioner names the City of Fresno as Respondent.  However, the City of Fresno, cannot be considered the person having day-to-day control over Petitioner.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction.  Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).  However, in this case, the Court will give petitioner the opportunity to cure his defect by amending the petition to name a proper respondent.  See, West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

C.      Failure to State a Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added). See also, Rule 1 of the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1),(2).

In addition, Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979). Rule 2(c) of the Rules Governing Section 2254 Cases states:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is completely deficient. The only information provided on the petition is that Petitioner claims that Sergeant Wells falsely accused Petitioner of throwing feces at him. Petitioner did not properly fill out the portion of the petition that lists the grounds for relief or provide any factual support for such grounds. Nor does Petitioner state the relief she requests.

In addition, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does

1 not allege that the adjudication of his claims in state court "resulted in a decision that was
2 contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or
3 resulted in a decision that was based on an unreasonable determination of the facts. . . ." 28
4 U.S.C. § 2254.

5     Therefore, the petition must be dismissed; however, Petitioner will be given an
6 opportunity to file an amended petition.  Petitioner is advised that failure to file a complete
7 petition raising cognizable federal claims within the time allotted will result in a recommendation
8 that the petition be dismissed and the action be terminated.  Petitioner is advised that the
9 amended petition should be titled "First Amended Petition, and reference the instant case
10 number."

11 D.    <u>Failure to Exhaust State Remedies</u>

12     A petitioner who is in state custody and wishes to collaterally challenge his conviction by
13 a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).
14 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
15 opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501
16 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct.
17 1198, 1203 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

18     A petitioner can satisfy the exhaustion requirement by providing the highest state court
19 with a full and fair opportunity to consider each claim before presenting it to the federal court.
20 <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828,
21 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair
22 opportunity to hear a claim if the petitioner has presented the highest state court with the claim's
23 factual and legal basis.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal
24 basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
25 Additionally, the petitioner must have specifically told the state court that he was raising a
26 federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66, 115 S.Ct. at 888; <u>Keating v. Hood</u>, 133
27 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
28 violated his due process rights "he must say so, not only in federal court but in state court."

1  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

2      Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

    In this case, Petitioner fails to state that he has sought relief in the California Supreme Court.  Assuming he has not done so, the instant petition is unexhausted and must be dismissed.  However, if Petitioner has exhausted the state court remedies, Petitioner should, if possible, present to the Court documentary evidence that the claims were indeed presented to the

5

California Supreme Court.[1]

E.    Signature Under Penalty of Perjury

      Petitioner did not sign the petition. Local Rule 7-131 requires a document submitted to the Court for filing to include an original signature. In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner." Rule 2(c), Rules Governing Section 2254 Cases. Accordingly, Petitioner must sign the petition under penalty of perjury.

## ORDER

      Accordingly, it is HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED with leave to amend;
2. Petitioner is granted thirty (30) days from the date of service of this order to file an amended petition in compliance with this order; and
3. The Clerk of Court is DIRECTED to send Petitioner a blank § 2254 petition; and
4. The failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   October 20, 2010          /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] A copy of the California Supreme Court's denial <u>alone</u> is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.