1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  SONYA MARIE LESCUER,                            1:10-cv-01919-OWW-DLB (HC)

10                      Petitioner,               FINDINGS AND RECOMMENDATION
                                                  RECOMMENDING DISMISSAL OF
11        v.                                      PETITION FOR FAILURE TO COMPLY
                                                  WITH A COURT ORDER
12
    FRESNO CITY,                                  [Doc. 4]
13
                        Respondent.
14  _____/

15
        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
16
    pursuant to 28 U.S.C. § 2254.
17
        Petitioner filed the instant petition for writ of habeas corpus on October 14, 2010.  On
18
    October 22, 2010, the Court dismissed the petition with leave to amend.  Petitioner has failed to
19
    file an amended petition or otherwise responded to the order.
20
        Local Rule 110 provides that a "failure of counsel or of a party to comply with these
21
    Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
22
    and all sanctions . . . within the inherent power of the Court."  District courts have the inherent
23
    power to control their dockets and "in the exercise of that power, they may impose sanctions
24
    including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d
25
    829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
26
    failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
27
    See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
28

1

1   local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

2   comply with an order requiring amendment of complaint); <u>Malone v. U.S. Postal Service</u>, 833

3   F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

4        In determining whether to dismiss an action for lack of prosecution, the Court must

5   consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

6   Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public

7   policy favoring disposition of cases on their merits; and, (5) the availability of less drastic

8   alternatives.  <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986); <u>Carey v. King</u>, 856

9   F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving

10  this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this

11  case has been pending since October 14, 2010.  The Court cannot hold this case in abeyance

12  indefinitely awaiting compliance by Petitioner.  The third factor, risk of prejudice to

13  Respondents, also weighs in favor of dismissal, since a presumption of injury arises from the

14  occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522,

15  524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their

16  merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally,

17  given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible.

18       Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for

19  writ of habeas corpus be DISMISSED.

20       This Findings and Recommendation is submitted to the assigned United States District

21  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

22  Local Rules of Practice for the United States District Court, Eastern District of California.

23  Within thirty (30) days after being served with a copy, any party may file written objections with

24  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

25  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

26  and filed within fourteen (14) days after service of the objections.  The Court will then review the

27  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

28  ///

1   failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3

4

5        IT IS SO ORDERED.

6        **Dated:    December 8, 2010**                           /s/ **Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28